UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LOANS ON FINE ART LLC,

                Plaintiff,

           v.

IAN S. PECK and STUBBS HOLDINGS, LLC,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
2:23-CV-07288 (OEM)(JMW)

**ORELIA E. MERCHANT, United States District Judge:**

       Plaintiff Loans on Fine Art LLC ("Plaintiff" or "LoFA") filed suit on July 23, 2023, in the Supreme Court of the State of New York, County of Suffolk, against defendant Ian S. Peck ("Peck") and defendant Stubbs Holdings LLC ("Stubbs"; together with Peck, "Defendants"), alleging four counts of fraudulent conveyance and seeking declaratory relief. Amended Verified Complaint ("Compl."), annexed to Notice of Removal, ECF 1. On September 29, 2023, Defendants filed a Notice of Removal and removed the action to this Court on the basis of diversity jurisdiction. Notice of Removal ("Original Notice"), ECF 1. On October 4, 2023, Defendants amended their Notice of Removal to assert federal question jurisdiction as well. Amended Notice of Removal ("Amended Notice"), ECF 6. On December 14, 2023, Plaintiff moved to remand the action, asserting a lack of subject matter jurisdiction over the action, and further seeking attorney's fees and expenses pursuant to 28 U.S.C. § 1447(c) as well as Rule 11 sanctions. Motion to Remand ("Mot."), ECF 19. For the following reasons, Plaintiff's Motion to Remand is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

The circumstances underlying this action concern an art-financing dispute between LoFA, Peck, and Peck-affiliated entities.  Mot. at 1.  As of April 5, 2023, a $7-million arbitral award related to the dispute was awarded by a Judicial Arbitration and Mediations Services ("JAMS") arbitrator against Peck and his companies—pending confirmation in the U.S. District Court for the Southern District of New York.  Mot. at 1; *see Loans on Fine Art LLC v. Ian S. Peck, et al.*, 23-CV-4143 (JHR) (S.D.N.Y. May 18, 2023).   However, in Plaintiff's action currently before this Court, Plaintiff seeks various forms of relief for alleged fraudulent conveyances under New York law.  Mot. at 1.  Plaintiff alleges that Defendant Stubbs is Defendant's Peck's alter ego—thus asserting that real property was fraudulently transferred from Peck to Stubbs.  *See generally* Compl.  However, the question before this Court is not with regard to the merits of Plaintiff's case, but whether the proper forum for this matter is state or federal court.

### 1.  Procedural History

On July 23, 2023, Plaintiff filed its Amended Verified Complaint in New York state court and on August 24, 2023, served it on Defendant Stubbs through the New York Secretary of State. Mot. at 2–3.  On September 29, 2023, prior to Defendant Peck being served, Defendants filed a Notice of Removal.  *See* Original Notice.  Defendant Peck was eventually personally served at his Bridgehampton, New York, house on October 3, 2023.[1]  Affidavit at 1.  Defendants subsequently filed an Amended Notice of Removal on October 4, 2023, adding 28 U.S.C. § 1331 as a ground

---

[1] Defendant Peck was personally served in New York on October 3, 2023, pursuant to CPLR § 308(1) and thus service was effected on that date.  *See* Affidavit/Affirmation of Personal Service upon Ian Peck ("Affidavit"), ECF 18.  That Defendant Peck was also sent a mailing, consistent with the alternative service procedure set out in CPLR § 308(2), does not alter the fact that the summons was delivered to him personally (rather than some other "person of suitable age and discretion at [his] actual place of business, dwelling place or usual place of abode") and does not somehow transform his personal service under CPLR § 308(1) into alternative service under CPLR § 308(2) (which *would* have required, as Defendants argue, that "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing").

for removal jurisdiction.  Amended Notice at 1.  On December 14, 2023, Plaintiff's served its Motion to Remand, *see* Mot.; Defendants filed their opposition, *see* Defendants Memorandum in Opposition to Motion to Remand and for Sanctions, ("Opp."), ECF 21; and Plaintiff filed a reply, *see* Plaintiff's Reply ("Reply"), ECF 20.

## DISCUSSION

### A.  Legal Standard

Federal courts are "courts of limited jurisdiction" and cannot preside over cases absent subject matter jurisdiction.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005); *Frontera Res. Azer. Corp. v. State Oil Co. of Azer. Republic*, 582 F.3d 393, 397 (2d Cir. 2009); *see also United States v. Assa Co.,* 934 F.3d 185, 188 (2d Cir. 2019).  "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332*.*"  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (emphasis in original).

A defendant in a civil state court action may remove its case to federal court, subject to certain requirements, if the case could have originally been brought in federal court.  28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may (generally) be removed to federal court).  To be eligible for removal, a case must satisfy the requirements of federal question jurisdiction or diversity jurisdiction.  *See id.* §§ 1331, 1332(a).  If the complaint satisfies neither, the federal court lacks subject-matter jurisdiction to hear the case and it must be remanded to state court.

As explained below, this Court lacks both federal question and diversity jurisdiction over this case and so it must be dismissed.  *See Do No Harm v. Pfizer Inc*., 96 F.4th 106, 121 (2d Cir.

2024) (If the Court "determines it lacks subject matter jurisdiction," it must "dismiss the complaint in its entirety.").

**B.  Removal Based on Diversity Jurisdiction**

If the only basis for federal subject-matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, "the forum defendant rule applies." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018).  Pursuant to 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2).

In the typical case, "application of the forum defendant rule is straightforward: a defendant is sued in a diversity action in the state courts of its home state, is served in accordance with state law, attempts to remove the case, and is rebuffed by a district court applying Section 1441(b)(2)." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *see, e.g., Wilmington Tr., N.A. v. Pearson*, 18-CV-4845 (PAC), 2018 WL 3918182, at *1 (S.D.N.Y. Aug. 16, 2018). Therefore, the first question before this Court is whether the forum defendant rule bars Defendants from removing this case to federal court on the basis of diversity jurisdiction.

Here, it is undisputed that the basic jurisdictional requirements of § 1332(a) are satisfied as: Plaintiff is a citizen of Colorado; Defendants are both citizens of New York; and the amount in controversy exceeds $75,000.  *See* Original Notice ¶¶ 1–3, Mot. at 5.  However, this action has been brought in New York, implicating the forum defendant rule.  *See Encompass Ins. Co.*, 902 F.3d at 152.  Though the parties' respective accounts of the facts required careful parsing to reconstruct, it is apparent that Stubbs, a forum Defendant, was "properly joined and served" before Defendants filed their notice of removal—barring *any* Defendant from removing the action

thereafter.  *See also Gibbons*, 919 F.3d at 705 ("The statute plainly provides that an action may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been "*properly* joined and *served*." 28 U.S.C. § 1441(b)(2) (emphasis added).").

Defendant Stubbs was served in accordance with state law on August 24, 2023, through the New York Secretary of State pursuant to LLCL § 303(a).[2]  Opp. at 3.  Defendants' Notice of Removal, however, was not filed until September 29, 2023—after Stubbs, a forum defendant, had already been served.  Original Notice ¶ 4.  This is fatal for Defendants' contention here, since § 1441(b)(2) instructs that an action removable on diversity jurisdiction grounds alone "may not be removed if any of the parties in interest properly joined and served as defendants" is a forum defendant.  *Id.* (emphasis added).  The fact that Defendant Peck had not yet been served when Defendants filed their Notice of Removal does not somehow preserve his right to remove on this basis.[3]  Such a "snap removal"[4]  by a forum defendant, while allowed in this Circuit, must occur before *any* forum defendant has been served.  *See Gibbons,* 919 F.3d at 706-07.  Therefore, removal based on diversity jurisdiction is unavailable here.

### C.  Federal Question Jurisdiction

Since Defendants may not remove this case to federal court on diversity jurisdiction grounds, to remain in federal court, they must demonstrate that it "aris[es] under the Constitution,

---

[2] As Defendants observe, Defendant Stubbs' 30-day removal clock did not start to run until it received the mailing from the Secretary of State on August 31, 2023—but this has no bearing here.  Opp. at 5; *see Sara v. Talcott Resol. Life Ins. Co.*, 21-CV-3094 (CS), 2022 WL 19182, at *2 (S.D.N.Y. Jan. 3, 2022) (collecting cases).

[3] Furthermore, Plaintiff notes that Defendants operative amended notice of removal was filed a day after Defendant Peck had been served—including a new allegation of the existence of federal question jurisdiction.  Reply at 2.

[4] "In several recent decisions, courts have construed the phrase 'properly joined and served' to allow removal by forum-state defendants prior to service.  These decisions interpret the negative statement that a case may not be removed if one of the defendants who is 'properly joined and served' is a citizen of the forum state to imply the positive correlative: removal is permitted despite the presence of forum defendants if these are not yet 'properly joined and served.'  This exception to the general rule that removal is available only to out-of-state defendants has come to be known as 'snap removal.'" *See Galiano Constr. Custom Builder, LLC v. Sample*, 5:20-CV-106, 2020 U.S. Dist. LEXIS 247648, at *6 (D. Vt. Oct. 22, 2020) (internal citations omitted).

laws, or treaties of the United States" so as to satisfy federal question jurisdiction under 28 U.S.C.

§ 1331.  *See Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) ("A

party seeking removal bears the burden of showing that federal jurisdiction is proper.").

> To bring a case within the [removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.  The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.  A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto, and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.  Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.

*Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936) (internal citations omitted).

Defendants argue that federal question jurisdiction exists here because arbitration is a field

in which the Federal Arbitration Act ("FAA") preempts all contrary state law and renders all claims

brought within it "necessarily aris[ing] under federal law, a complaint purporting to raise state law

claims in that field actually raises federal claims."  Opp. at 7 (quoting *Marcus v. AT&T Corp.*, 138

F.3d 46, 53 (2d Cir. 1998)).

However, the Second Circuit has made clear:

> Ordinarily, preemption is a defense to be asserted in state court and not a ground for removal, except in a limited number of cases in which "complete preemption" applies.  "Under the complete-preemption doctrine, certain federal statutes are construed to have such 'extraordinary' preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims—i.e., completely preempted."

*Holmes v. Experian Info. Solutions, Inc.*, 507 F. App'x 33, 34 (2d Cir. 2013) (summary order)

(quoting *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272–73 (2d Cir. 2005)).

"The Supreme Court has only found three statutes to have the requisite extraordinary preemptive force to support complete preemption" and none of them are the FAA.[5]  *Sullivan*, 424 F.3d at 272 (internal citations omitted).  Defendants cite no authority supporting the proposition that complete preemption similarly applies to the FAA, nor has this Court identified case law that supports Defendants baseless contention.[6]

Contrary to what Defendants suggest, *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022), holds merely that, like other federal statutes, the FAA preempts state laws to the extent they conflict with it—not that the FAA occupies the entire field of arbitration so as to displace all state law on the subject.  *Viking*, 596 U.S. at 650–52.  Indeed, as Plaintiff notes, the Supreme Court has made clear that "[t]he FAA contains no express preemptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration."  Reply at 6 (quoting *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989)) (internal quotation marks omitted).  And, as discussed, *supra* at 5, even field preemption would not provide a jurisdictional ground for removal; only complete preemption will suffice:

> The complete-preemption doctrine must be distinguished from ordinary preemption, also known as defensive preemption . . .  Many federal statutes—far more than support complete preemption—will support a defendant's argument that because federal law preempts state law, the defendant cannot be held liable under state law.  Ordinary defensive preemption comes in three familiar forms: express preemption, conflict preemption, and field preemption.  The Supreme Court has left no doubt, however, that a plaintiff's suit does not arise under federal law simply because the defendant may raise the defense of ordinary preemption.

---

[5] These statutes are: § 301 of the Labor–Management Relations Act (LMRA), § 502(a) of the Employee Retirement Income Security Act (ERISA), and §§ 85 and 86 of the National Bank Act.  *Sullivan*, 424 F.3d at 272.

[6] In addition, "[a]s for jurisdiction over controversies touching arbitration, the [FAA] does nothing, being something of an anomaly in the field of federal-court jurisdiction in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis."  *Tully Constr. Co. v. Canam Steel Corp.*, 2015 U.S. Dist. LEXIS 25690, at *11 n.4 (S.D.N.Y. Mar. 2, 2015).

*Sullivan*, 424 F.3d at 272–73 (internal citations omitted).  Because complete preemption does not apply to the FAA, the Court lacks federal question jurisdiction over this case.  Because there is neither diversity nor federal question jurisdiction, the Court must remand the case to state court.

### D.  Sanctions and Removal Expenses

Plaintiff also requests Rule 11 sanctions be imposed on Defendants and seek to recover attorney's fees and expenses associated with the improper removal.  Mot. at 6.

Under Fed. R. Civ. P. 11(b), whenever a signed pleading or "other paper" is submitted to the court, an attorney certifies:

> (1) [the paper] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
> "The standard for triggering the award of fees under Rule 11 is objective unreasonableness," *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000), and is not based on the subjective beliefs of the person making the statement.

*Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003).  Rule 11 sanctions can be imposed upon a motion for sanctions, Fed. R. Civ. P. 11(c)(2), or *sua sponte*, 11(c)(3).  In all cases, there must be "notice and a reasonable opportunity to respond," 11(c)(1), and a motion for sanctions must adhere to the procedural requirements of Rule 11(c)(2).  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

1. **Rule 11 Sanctions**

There is no procedurally valid motion for sanctions currently before the Court.

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P 11(c)(2).  Here, as Defendants point out, Plaintiff's actual Motion to Remand makes no mention of sanctions, requesting them only in its supporting Memorandum of Law.  *See* Mot. at 6.  This plainly fails to satisfy Rule 11(c)(2)'s prescription.  And despite indicating that "LoFA will file its motion for Rule 11 sanctions shortly after filing this Reply," Reply at 7, no such motion has been filed.

Thus, sanctions are presently available only on the Court's own initiative and at its discretion.  *See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)"); *Perez v. Posse Comitatus*, 373 F.3d 321, 325–26 (2d Cir. 2004) ("Even if the district court concludes that the assertion of a given claim violates Rule 11, however, the decision whether or not to impose sanctions is a matter for the court's discretion.").

The Court declines to impose Rule 11 sanctions *sua sponte* here.  Although the Court is wary to conclude that "to the best of [Defendants' counsel's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," his arguments attempting to establish removal jurisdiction were warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, *see* Fed. R. Civ. P. 11(b), the Second Circuit has made clear that "Rule 11 sanctions should be imposed with caution." *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994).  District courts in this Circuit have likewise held that Rule

11 sanctions are an "extreme measure" and that simply "finding later that a claim lacked evidentiary support is not a sufficient basis on which to impose sanctions." *Baram v. Doe*, 23-CV-01758 (ER), 2024 U.S. Dist. LEXIS 10897, at *14-15 (S.D.N.Y. Jan. 22, 2024) (internal quotation marks omitted) (collecting cases).

In light of the weight of the relevant authority and bearing in mind the need "not to stifle legal creativity and zealous advocacy," *City of Perry, Iowa v. Procter & Gamble Co.*, 15-CV-8051 (JMF), 2017 WL 2656250, at *2 (S.D.N.Y. June 20, 2017), the Court declines to exercise its discretion here to sanction Defendants for their deficient removal submissions. *See Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) ("Sanctions may be— but need not be—imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous"); *Perez*, 373 F.3d at 325; *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 391 (2d Cir. 2003).

As to Plaintiff's request for costs and attorney's fees under 28 U.S.C. § 1447(c), Plaintiff's current submissions before the Court lack any information as to the amount of such costs and expenses. Therefore, the Court denies this portion of Plaintiff's motion without prejudice to allow the parties to properly brief this issue.

## CONCLUSION

For the reasons stated above, Plaintiff's motion is **GRANTED** in part—this action is **REMANDED** to the Supreme Court of the State of New York, County of Suffolk. The Clerk of Court is respectfully directed to remand the action to the Supreme Court of the State of New York, Suffolk County and to send a certified copy of this Order to the Clerk of that court, and to close this case.

Plaintiff's request for Rule 11 Sanctions is **DENIED**. However, to the extent that Plaintiff seeks removal costs and attorneys' fees, such part of Plaintiff's motion is **DENIED** without

prejudice, with leave to renew.  This Court will retain jurisdiction solely over the collateral matters of awarding attorneys' fees and costs under 28 U.S.C. § 1447(c).  *See also MRS Prop. Invs., Inc. v. Bivona*, 21-CV-1104(EK)(AYS), 2021 U.S. Dist. LEXIS 84402, at *9 (E.D.N.Y. May 3, 2021) (citing *Bryant v. Britt*, 420 F.3d 161, 164-65 (2d Cir. 2005) (district courts have jurisdiction over motion for fees and costs under Section 1447(c) even "after a remand order has issued.")).

Plaintiff's counsel is given thirty (30) days from the date of this order, October 3, 2024, to renew any motion for costs and attorney's fees—the renewed motion should include itemized request for fees and costs, along with any further statement regarding the appropriateness of such an award.  Defendant shall show cause by November 4, 2024, why fees and costs should not issue. Any such motion is hereafter respectfully referred to the assigned Magistrate Judge for a report and recommendation.


**SO ORDERED.**

                                                    **/s/**
                                      ORELIA E. MERCHANT

Dated: September 3, 2024                 United States District Judge
       Brooklyn, New York